Thank you, and good morning everyone. We'll start with the first case on our calendar, Erie Insurance Exchange versus Erie Indemnity Company. Docket number is 13-1415. Thank you. May it please the court, my name is Steven Pearson. I represent the appellant in this matter, Erie Indemnity, and with the court's permission, I'd like to reserve three minutes. This is an unusual case in that we're dealing with a federal statute which has been interpreted some, but not a lot. Mr. Farson, could you give me one second? I want to get some somebody over here. I'm missing something that I need. Yes, sir, go ahead. Thank you, Your Honor. In this, in this case, we're presented with the issue of whether or not a pleading which does not explicitly use the phrase class action, or explicitly refer to a class action rule, can nonetheless be deemed to be a class action under the provisions of CAFA. The district court, in dealing with this matter, sets forth in the beginning of its opinion a fairly decent summary of the arguments back and forth, and then ultimately reaches its conclusion on the basis that the court felt that the plaintiff never intended to bring a class action claim. And in fact, the court cites to the Schillinger case, which is a Seventh Circuit case. What does the, what does the record show, how does the record show or establish that the plaintiff in fact intended this to be a class action? I think you begin by looking at the face of the complaint, and you examine that, not by labels or magic words. Oh, you seem to rely on the on behalf of words. Well, we rely on a number of things. We rely on the on behalf of a group of people, which sounds like the claim is being brought on behalf of a class. We also rely on paragraph 33 of the original complaint, which seeks damages for the plaintiff's plural, which again sounds like it's class. And on the wherefore clauses of the first two counts, which again appears to seek relief on behalf of the members plural. Could the relief and could the damages be for individual plaintiffs? I mean, this is an exchange, right? Well, it's as I understand it in Pennsylvania law, it's treated as a corporation. Well, actually, we maintain below and continue to maintain that the more appropriate remedy is in fact a class action on behalf of each of the members. What you have here and what the complaint sets forth is one individual contract, one contract, which the complaint alleges is identical across all 2 million plus members. I'm curious, what would happen if the plaintiffs were to prevail, and the claim is for something like $300 million? Correct. What would happen? What happens with that money? Does it go to, does it get distributed among the individual members of the exchange, or is it going back to the exchange? Well, that's a really interesting question. In the original complaint, it was pled in the alternative. In other words, the first two counts would appear that the money would go back to the individual members. The third count, it would, it asked for an accounting and restitution, so that would appear that the money would go to the exchange. And it was pled in the alternative. And one of the interesting things is if you look at the recently filed federal court complaint, and you look at the introduction to the federal court complaint, the plaintiff admits as much. The introduction is very brief, but I think quite a bit. Well, you seem to be citing to the original complaint quite a bit. Of course, there's an amended complaint here, right? And your adversary points out that a lot of the cases you rely upon are ones where it was explicitly in the first complaint, a class action, very explicitly, and then amended to be something different to try to do an end run, if you will. This isn't that case, though, is it? It's not exactly that case, just for the reason that you suggest, Your Honor, which is we don't have a situation where the state court action cites to a class action rule and or calls itself a class action. So that's clearly correct. Those cases that we cite stand for the proposition that you can't amend away jurisdiction if there was jurisdiction in the first place. So to Your Honor's point, that's why we focus on the original complaint, right? You have to go back to the original complaint. The question to be answered is, does the original complaint set forth a class action? Can you accept the idea that I think is presented by the exchange that they made a mistake? Well, that would be a lot easier to accept, but for the following. First, on the face of the complaint, they seem to have, the plaintiffs seem to have deliberately pled counts one and two differently than count three. Well, don't we first of all look at the plaintiffs who are individuals rather than the exchange itself? I mean, isn't that sort of a clue of what's going on? Yeah, I think that's right. There are a series of individuals, all of whom are members. They say they're bringing it in the first two counts on behalf of the members, which makes sense if you look at the substance of the alleged wrong and what they're complaining about. To Judge Fuente's point, they want $308 million. Why? Because there's a contract that was signed, not by the exchange. The exchange is a stranger to that contract. It was signed between indemnity and each of the two million plus members. So if you normally think of it and you say you're going to breach it, they didn't sign it. No, they did. If the plaintiffs say this is a CAFA case, it should be removed, then the district court, your position is that once the defendants say this is a CAFA case, it's the responsibility of the district court to make a review of the complaint to determine whether it says class action or not, if it satisfies that criteria. In making that review, is there any consideration of the merits of the case? No. No. And in fact, we cite the cases because if that were true, among other reasons, you wouldn't do that. You'd have a series of mini-trials before you could decide whether there was jurisdiction. You have to decide whether there's jurisdiction to figure out who's going to decide the latter thing. So the jurisdictional hurdle has to be dealt with first. Other than the phrase on behalf of, how does this case comport with the essence of a class action? Well, yeah. You don't have numerosity pledged. You're not going to have certification. You're not going to have the option of opting out. You're not going to have any of the things that class action requires. Well, interestingly, if you look at the federal complaint, and if you look just at the introduction, it answers Your Honor's question. It pleads for a class action pursuant to Federal Rule of Civil Procedure 23.2 on behalf of the members of the Erie Insurance Exchange. In other words, it uses the identical language as in the original complaint, because these are members of an unincorporated association, and this says, I'm bringing it as a class action. If the complaint is proven as it is pledged, that is that the exchange is entitled to $300 million, I mean, then the pleading is accurate, isn't it? I mean, the money would, if it is proven, the money goes back to the exchange for the members. The issue is, when you plead alternative theories, which was pledged in the initial complaint, and which is pledged in the federal complaint, which is why I think this little introductory paragraph in the federal complaint is very illuminating, if you plead alternative theories, right, and the first one, as in the original complaint and as in the federal complaint, is in fact a class action, where you cite to Rule 23, where you explicitly invoke CAFA, and then you have another count, which goes off in a different direction, there's still federal jurisdiction based upon the first count, and interestingly, in the federal complaint, that's exactly what the plaintiff does. In the first count, in the first cause of action, he says, it's a class action. I'm bringing it on behalf of all of the members, and I'm seeking $308 million to go back to them. They were harmed, the money should go back to them. The second... When you say it goes back to them, it goes back to the exchange? No, no, it goes back to the individual members. You mean the money is divvied up among the two million? Yeah, you would take $308 million and divide by $2,000,001 or whatever the number turns out to be, presuming the class is certified in that way, etc. But would it depend upon who had paid late fees? Well, that's a very good question, Your Honor, because that would be one of the issues you'd face when you got to the class certification stage, which is, who really was harmed by this? The theory is, I would acknowledge, I would agree with the court, the theory seems to be that people who actually paid were the ones who were wrong, because they had a deal which said they could get all these services and not pay. People who didn't pay, one wouldn't think would be in the class, although the way it's played right now at this initial stage, they are class members. Does Pennsylvania state who may bring a case on behalf of the exchange? Do Pennsylvania rules of civil procedure dictate who can bring a case like this? Well, in particular, it seems that your theory is, you go to rule 2151 and say an association means an unincorporated association, and then go to 2152, which says an association prosecutes in the name of its members. But your adversary points out that under 2176, a corporation includes any insurance association or exchange, which would appear to be this, and then it goes on in, I guess, it's 2177 says, an action shall be prosecuted by or against a corporation in the corporate name, which is done here. Yeah, I mean, the issue is, again, you have to look at the different causes of action. The latter cause of action, which is on behalf of the exchange, if you look at the original complaint and you look at the federal complaint... The latter cause of action, the second complaint, that was fine? No, in the original complaint, there are the first two counts, causes of action, and then the latter one. The first two are pled on behalf of the members, the last is pled on behalf of the exchange. That's a difference. We say it's a meaningful difference. To your honor's point, with respect to that last cause of action on behalf of the exchange, the rules you cited to are absolutely applicable. That's not applicable if you're bringing it on behalf of a group, a class of individuals. And here, again, if you go back to the federal complaint, just read the introduction, so you have this same dichotomy between a class action on behalf of individuals and an action on behalf of the exchange, and then it ends with, in the introduction, these claims have been filed in this manner, as it is unclear whether the defendants have a legal obligation to exchange or to the members of the exchange, or both. In other words, what the plaintiffs are saying here, explicitly on the face of the federal complaint, is just what Indemnity, in fact, argued below on the remand. Which is, you pled it in two different ways. You pled it on behalf of the members, I got it, that's a class. You pled it on behalf of the exchange, I got it, that's pursuant to the Pennsylvania rules, which say how you bring claims on behalf of an unincorporated association. But as soon as you bring it on behalf of the members, and it's a group of people, and you look at paragraph 33 in the original complaint, which talks about who's suffering the harm. In paragraph 33, for the first time, it says the members, the plaintiffs. In this case, you do have members of the association that are bringing the KAD, asserting class action on behalf of the association. Correct. But doesn't Pennsylvania law, as interpreted by our court, prohibit members of an association from bringing a class action on behalf of the association? On behalf of the association, but not on behalf of the members. Not on behalf of what actually happened. If somebody walks in and says, I mean, that makes the perfect sort of representative plaintiff. Is there a difference without a distinction? No, I think it's actually a fairly, with all due respect, I think it's a fairly critical distinction, because in the first instance, what happens is, one of the two million plus people who signed the contract with indemnity comes in and says, you know what, I had to pay these late fees and things, I shouldn't have had to pay them. And guess what, there's a whole lot of other people who are in the same boat as I'm in. I want to have a class action, I want to press my claim, and I want to press that exact claim on behalf of all of those people. We want the money back, and we want it distributed. I've seen the Supreme Court has issued quite a few opinions in the last couple of years that, despite KAPA's worthy goal of having class actions go to federal court, the Supreme Court seems to be saying, seems to be restricting the class actions that are heard in federal court. You're seeking a very liberal, generous interpretation of KAPA. Well, I think, I mean, our position is that the legislative history is clear, that KAPA is supposed to be interpreted liberally, but we don't really necessarily rely on that. What we rely on is the long, uninterrupted string of cases, which basically says you're supposed to look at the substance of what's going on, not the labels people attach, because if you look at the labels, it's very easy to manipulate the system. And what we suggest... Here you have three counts in the original complaint, and two of them you say are KAPA counts, and one is not a KAPA count. Correct. Under KAPA, does the whole case get removed, or do you simply remove the KAPA counts? The entire case gets removed, which is precisely why, we would argue, you see happening here what happened here. So, you file the original complaint, we make the argument, ah, the first two counts are KAPA counts. The plaintiffs come back and say, I can fix that. I'll amend my complaint, and I'll drop those. I'll change the language so that every count in the amended complaint is on behalf of the exchange and not on behalf of members. Not to worry. They run into the string of cases which says you can't amend away jurisdiction if it's originally there. And Judge McMurray, then, is left in a sort of difficult spot, right? Because, he said, well, if the amendment is nothing more than a benign, mere clarification of what they meant in the first place, and it was just a mistake, it was a scrivener's error, that's the Schillinger case that the district court cites too, I'm going to... and they're telling me they're not bringing class claims, they never intended to bring class claims, they can't bring class claims. I'm going to give them the benefit of the doubt. I'm going to believe them and say the amendment was, quote, for legitimate purposes, unquote. KAPA has a provision whereby if more than one-third of the members of this association are residents of Pennsylvania, the judge, the motion judge, in his or her discretion, can remand to state court. I think it's between a third and two-thirds. Over two-thirds. Right, it's between a third and two-thirds, he has discretion over two-thirds, the court doesn't. If you have more than two-thirds, then it stays in state court, doesn't it? No, no, if you have more than... oh, excuse me, I apologize. If more than two-thirds are outside of the state. But anyway, going... Well, can you... what is the situation here? What if you have more than a third of the members are residents of Pennsylvania? That... the answer to that is that that was never challenged by the plaintiffs. They acceded to the notion that there was more than two-thirds outside. Just to finish up quickly... Finish up and we'll get you back. Oh, yeah, I appreciate that, Your Honor. To Judge Roth's question, the new federal complaint could have been filed in state court as an amendment to the remanded state court case. Question, why not? Answer, because if it had been done that way, the case would have been removed. The entire case would have been removed. So in this effort to splinter off the claims and to make sure there's a state court case, they filed this separate federal action because, as they say in their complaint, they're unsure that without the class claim, they have any claim at all. But should that case and its filing inform us how we should proceed in this case? Or should this case inform the court, subsequent court, how to address that subsequent case? I think it ought to inform this court because this court has before it the question of whether or not something happened when the remand order was issued that shouldn't have happened. That's what's before the court right now. Good. Thank you very much. Good morning, Your Honors. My name is Dean Radcliffe. I represent the exchange. Let me, at the outset, clarify one mischaracterization. There never was, in any complaint, original or amended, any claim filed for individual relief. The claim filed, the party who suffered the loss here was exchange. Let me explain to you why that is. If you look at the complaint, it recites prior to 1997, these service fees were retained by exchange. The argument here isn't whether the individual subscribers should have been charged a service fee. We're not asking for each individual subscriber to be returned a service fee. What we're asking is that the service fees be given to exchange, all of the subscribers. Well, Mr. Ferson, this suggests that if you were to prevail in your complaint, when you recover the amount that you say was wrongfully taken from the exchange, the money goes back to the individual members of the exchange. Never has that been alleged. If you look at our wherefore clauses in our original complaint, it says we request relief on behalf of all of the subscribers. Now, I will admit our complaint was rather inarticulately plagued because all of the subscribers are exchange. But it's clear collective relief is requested. In Pennsylvania, an unincorporated association and a member of an unincorporated association, it's uncontradicted, acts like a tenant in common. There's no individual right to a piece of the real estate if it was a- So you can't proceed as a class action? No, and the court- That gets me to that second action that you filed, which I find a little troublesome. How is it that you filed a class action anyway? Because that's not based upon the same theory that the first case was based upon. That's against the alleged trustees- But, sir, you're proceeding as an association in that case. Well, we're proceeding- The trustees signed an acceptance of trust. We don't have a copy of that. If you look in our second complaint, we recite we don't have a copy of that. It's unclear whether that acceptance of trust provides that the fiduciary duty runs to the individual subscribers or to the exchange as a whole or both. And we put that right in the beginning. So we filed two claims. The second claim is identical to the claim we filed here. We recite it as a state non-class claim. The only difference is it's based upon a document we don't have, an acceptance of trust. In this case before you, there is no such issue. There is a common law fiduciary duty running to the exchange, and the exchange is a third-party beneficiary of the subscriber grant. Well, now, in the first cause of action, I gather one of the complaints is late fees. Some members of the exchange pay late fees. Well, some members have shortly paid late fees, but we're not arguing that they are entitled to those late fees back. What we're saying is those late fees as paid go to the exchange. They don't go to the- So then they get theoretically divided up among everybody? No, ma'am. The exchange has a balance sheet. The exchange has a net worth. The exchange- Okay, and the net worth is basically the property of the members, right? That is collectively. Collectively. That is correct. So the only relief ever requested was collective relief. In the original complaint, in the amended complaint. There is no, as an example, each class member gets their pro rata share of the service fees back. That's not the theory of the complaint. Are there provisions in Pennsylvania law that dictate whether an association can proceed or cannot proceed as a class action? Absolutely, your honor. There's law, as enunciated by this court, that when an unincorporated association has a claim, it cannot file a class action. It's case law from this court. It's case law in Pennsylvania. What about the members of that association? Excuse me? What about the members of that association individually? They have no right to make any collection for a claim for the unincorporated association. The way they've confused the issue is, who has the capacity to sue on behalf of the unincorporated association? The real part of it is... Do the members have the capacity to sue on their own behalf? No, we have not alleged that. Not in this complaint at all. Do they have the right to sue on their own behalf? No, ma'am. Not at all? Not in Pennsylvania. The case law from this court indicates the unincorporated association must assert it. And of course, this is a diversity case, so the court is bound by state law in that regard, as interpreted by this court. But that doesn't affect your subsequent suit in federal court. Excuse me? That does not affect your subsequent suit in federal court. No, sir. The subsequent suit from federal court is based upon a different theory and acceptance of trust, an agreement that's not here, against different defendants. And that can't confer subject matter jurisdiction on this court. Well, now, if we look at the complaint, and from our examination of the complaint, determine that there is numerosity, that there's commonality, that there's typicality, that there are the requirements for a class action, should we then look at the merits of the case? Well, Your Honor, first, let me take the first part. I don't see any way from the complaint... I am saying hypothetically, if we determine that. Well, no, ma'am. I think the issue before you now is whether there is subject matter jurisdiction. And whether there's subject matter jurisdiction depends upon who's the real party in interest, who's the plaintiff here. And if under Pennsylvania law, the real party in interest is the exchange, under CAFA, you use the domicile of exchange, not the domicile of the individual members. And therefore, there is no diversity jurisdiction. I think the inquiry's at an end. What is comparable to an exchange? Would it be like a corporation, perhaps an association, perhaps a bar association? Well... In other words, if a suit is filed on behalf of the Pennsylvania Bar Association against, let's say, the state of Pennsylvania, because they're onerous fees, etc., etc., could that be a class action on behalf of the members of the association? No, sir, I don't think so. An unincorporated association is treated under CAFA as an entity and under Pennsylvania law. Is that because it's under Pennsylvania law? What if there were no Pennsylvania law that said that the exchange is treated as a corporation? Well, Judge, I don't know. I think the answer would be that if the request for damages is for collective relief, for relief going to the exchange, not to the individual members, then it's not a class action. The strength of your argument is that Pennsylvania law says emphatically that an association cannot proceed as a class action. That's what it says, Your Honor, and this court has enunciated that previously. And further, the strength of my case is that if you look at the history, look at the complaint, the complaint specifically recites not damage to individual members, but that the defendant took money that belonged to the exchange. Exchange, it recites in the complaint, has a separate balance sheet. Exchange was entitled to that money and did receive that money prior to 1997. So this isn't a case where, and that facts have never changed throughout the complaints, this is not a case where we're asking each individual class member to get relief. Well, but you brought the original complaint in the name of individual class members. No, ma'am, I brought it in the name of exchange. It's exchange, and then I recite that these members, the problem, Judge, is- Well, you do have on behalf of in there, though. I do, Judge, of all subscribers. I do. I do have that. The problem is we have an unincorporated association here set up by the defendant that doesn't have bylaws, doesn't have a board of directors, is completely controlled by the defendant. So the only party that can bring it on behalf of exchange is a member, and that's what we recite here. We clearly recite that relief is requested on behalf of all subscribers, and all the subscribers collectively clearly are the exchange. The judge looked at the complaint. The lower court judge looked at both the original complaint and the amended complaint, indicated there was no substantive difference, and determined it wasn't a class action. To determine that this court has subject matter jurisdiction, the federal court has subject matter jurisdiction, this court would have to make several findings. One, it would have to ignore Pennsylvania law on the subject, that there can't be a class action on behalf of subscribers. Two, it would have to ignore TAFA's specific determination that the domicile for diversity purposes of an unincorporated association is the state where the principal place of business is. And that clearly here is Pennsylvania. That's not contested. Three, it would have to ignore that the complaint didn't request individual relief. It requested collective relief. And four, those were the facts that set forth at the time of remand. And it's not as if the lower court didn't look at all that. It looked at the original complaint, made that determination, and the subsequent complaint. Should we be looking at the original complaint at all? Should you? Yeah. Well, I have no problem with you looking at the original complaint at all, Your Honor. The amended complaint, as I admitted to the court, it was inartfully pled. So we filed an amended complaint. The only thing it made clear was the claim was on behalf of exchange. That second complaint that you filed, and I know you're distinguishing it, but I still find it troubling. It's brought against the trustees of indemnity. That's correct. But you say you're not seeking the same relief against indemnity? It's based upon different theories. Well, I understand different theories, but you're, you know, is it the same wine in a different bottle? I mean, you're still trying to get $300 million. You're not suing indemnity. It's the same damages, Judge. That's exactly right. But it's a different theory of recovery. And the theory of recovery is each of those, remember, we don't have any appointed board of directors. How does a different theory of recovery put that case in federal court while this one has to go to state court? Because if the acceptance of trust, which we don't have, and we set forth in the complaint we don't have, alleges there's a fiduciary duty running to each individual member versus the members collectively, then there would be a class action in that regard. But that's not the case in the first complaint. We've alleged that the fiduciary duty runs to the exchange, and we've alleged that the exchange is a third-party beneficiary of the written agreement. What happens if you prevail in that second case in federal court? You end up with $300 million that goes back to the exchange, right? To the exchange, that's right. Same as the first case. Well, what the judge in the second case has to determine is he has to look at the acceptance of trust and determine if the fiduciary duty runs to the individual members or runs to them collectively. What is it about a breach of contract in this case, or bare faith or improper dealing, and breaching the fiduciary duty in the second case that makes that case a federal issue and this one a state issue? Or I should say a class action and this one not a class action. It's because we don't have in the second case the acceptance of trust. If we had that and knew what it said, then we could determine which of two alternative counts we can file. We filed both counts to cover ourselves in the second case. Here there's no alternative counts. He indicated there's alternative counts. There's a common law contract claim, third-party beneficiary, common law fiduciary claim, and an equity claim. Clarify for me, the exchange association is a plaintiff in this current case? That's correct. But not in the other case? It is one of the plaintiffs in the other case. It is your honor. And the other case, the count in the second alternative? So the exchange can proceed as a class action in that case but cannot proceed as a class action in this case? No, sir. The count in which exchange is named as a party, there's two counts in the second case. In the second count, it is identical to the claim we have here. In the first count, it's clearly brought as an individual claim by members. The real party in interest in the second case, in the first count, is a member. In the second count is the exchange. Here, there's no such pleading that alleges that the real party in interest is a member. The complaint clearly sets forth the party that lost the money here is exchange. Well, now, if the case we're arguing on this appeal should stay in federal court, should the two cases be combined? Well, that would be a determination for the lower court. I would not be surprised if they are combined, Ross. But the problem is the second case can't convert subject matter jurisdiction on this case, confer subject matter jurisdiction on this case. This case has to be determined as of the time of removal or the filing of the complaint. And it's clear here the real party in interest is exchange. If you look at the pleadings, look to the entire history set forth in the complaint. The party here requesting relief is exchange, not the individual members. Does the court have any other questions for me?  Thank you, Your Honor. Mr. Fierstein. Thank you, Your Honor. Maybe it's a good idea just to go back quickly and look at the original complaint and the federal complaint and look at what it actually says compared to characterizations of it. In the original complaint in paragraph 12, under the heading subscriber agreement, the allegation is in order to receive an insurance policy from exchange, each of the policyholders and all other subscribers were required to sign an identical subscriber's agreement. In other words, there's only one contract in this case. It's a one-page subscriber's agreement signed by all 2.1 million people, and it is between indemnity and the subscriber's policyholder's members. It's the same, different words for the same thing. That's the first point. The second point is in count one of the original complaint, count one is labeled a sumsit. I'm old enough to remember a sumsit. That's breach of contract. There's only one contract here. That's a contract between the members and indemnity. Exchange is not a party to the contract. Under that count one of sumsit heading, in paragraph 33, it says, as a result of the breach of this contract, the plaintiffs, plural, not the exchange, plaintiffs, plural, the members, herein sustain damages in the amount set forth in paragraph 27. That's the $308 million. So you have a breach of contract count on behalf of a contract never signed by exchange and an allegation that the plaintiffs, plural, not the exchange, suffer damages and should get recovery. The wherefore clause, which immediately follows, therefore, not surprisingly says... given that it seems to be missing what I think I said before, the essence of a class action, the trappings of a class action. In a class action, each and every potential member of the class is notified, given a chance to opt out. Those notice requirements, members of the class receive something, whether it's money or a coupon or a discount or something like that. None of that seems to be happening in this case. And the reason why is because it was pled in a certain way in state court initially to enable the plaintiffs to recover for a class of people without ever pleading those things. Whether they could have ultimately done that or not and how that all would have worked out in the course of the litigation had it remained in federal court, at least at the time of removal, remained to be seen. What we knew from the original complaint was they had this a subset count, specifically on behalf of the members. And then in the last count, it says not that the plaintiffs have suffered damage, but in paragraph 44, the exchange has suffered damages. So, again, the distinction's being drawn. And the wherefore clause, again, is the plaintiffs on behalf of the exchange. Is Mr. Ratcliffe wrong when he says that if there's a recovery, the money goes back to the association rather than divvied up between the members? I think on the basis of the original complaint, he's clearly wrong because certainly on the assumption count and actually on the fiduciary duty count, which also arises out of contract, what the complaint asks for is that the plaintiffs get the money, not the exchange. In that case, the money goes, I would think, to the plaintiffs. Again, I apologize. Similarly, in the federal action that was filed, if you look at paragraphs 48 and 49, it's clear that the plaintiff is bringing the action on behalf of the class of people, right? There isn't any doubt about that. And in paragraph 60, it says as a result of the aforesaid breach, the exact same breach as we were talking about before, the policyholders are entitled to the damages set forth in paragraph 45, which is the $300 million. This complaint in the way it's set up is actually no different substantively than the initial complaint, except it actually says class action. Thank you. Thank you, Mr. President. Thank you, Mr. Ratcliffe. We'll take the case under advisement and we'll recess before starting the next case.